UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| *BRENDA PIPPIN,* | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:14-cv-167-JAW* |
| | ) | |
| *BOULEVARD MOTEL CORP., d/b/a* | ) | |
| *Comfort Inn South Portland* | ) | |
| *Hotel,* | ) | |
| | ) | |
|     *Defendant* | ) | |

| | | |
|---|---|---|
| *ABINAIR MARTIN,* | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:14-cv-168-JAW* |
| | ) | |
| *BOULEVARD MOTEL CORP., d/b/a* | ) | |
| *Comfort Inn South Portland* | ) | |
| *Hotel,* | ) | |
| | ) | |
|     *Defendant* | ) | |

| | | |
|---|---|---|
| *GRACE PARKER,* | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:14-cv-169-JAW* |
| | ) | |
| *BOULEVARD MOTEL CORP.,* | ) | |
| | ) | |
|     *Defendant* | ) | |

*MEMORANDUM DECISION ON MOTIONS TO CONSOLIDATE*

1

The plaintiffs in these three employment actions that were removed to this court from the Maine Superior Court (Cumberland County) move to consolidate the three cases "for the purposes of discovery and trial." ECF No. 7 at [1] (in each case) ("Motions"). Each plaintiff is represented by the same attorney and sues the same defendant. The motions assert that "[t]he factual allegations supporting all complaints [] are identical[,]" Motions at 2, but that is not what the complaints allege. For the reasons that follow, I deny the motions.

## I. The Complaints

Though represented by the same attorney, the three plaintiffs filed separate, simultaneous complaints in state court just two months before moving to consolidate in this court. Pippin's complaint alleges, in three counts, unlawful retaliation under the Maine Human Rights Act and the Maine Whistleblower Protection Act for reporting of perceived violations of state and federal law, and gender discrimination in violation in violation of state law. Complaint (ECF No. 3-2 in 2:14-cv-167-JAW). Martin's complaint alleges, in six counts, the same three counts as Pippin but, in addition, sexual harassment and discrimination in violation of state law, and racial discrimination in violation of state and federal law. Complaint (ECF No. 3-2 in 2:14-cv-168-JAW). Parker's complaint alleges, in five counts, the same three counts as Pippin but, in addition, age discrimination in violation of state and federal law. Complaint (ECF No. 3-2 in 2:14-cv-169-JAW).

The facts that support each of these differing claims cannot all be identical. Pippin, a supervisor, asserts that she was terminated in July 2011 for poor performance and "gossiping." Complaint (ECF No. 3-2, ¶ 14 in 2:14-cv-167-JAW). Martin asserts that she was terminated in June 2011 for insubordination. Complaint (ECF No. 3-2, ¶ 15 in 2:14-cv-168-JAW). Parker

alleges that she was terminated in February 2011 for violating a confidentiality policy. Complaint (ECF No. 3-2, ¶ 14 in 2:14-cv-169-JAW).

## II. Discussion

Cases may be consolidated when they involve a common question of law or fact. Fed. R. Civ. P. 42(a). All three of the cases at issue involve claims of unlawful retaliation and base those claims on the same state statutes,[1] but the facts involved in each plaintiff's claim differ. More important, only one of the three complaints alleges age discrimination and only one different complaint alleges racial discrimination. The additional evidence required to prove these claims has the potential to prejudice the defendant and to confuse the jury. Under such circumstances, consolidation would be unwise. *E.g., Bernardi v. City of Scranton*, 101 F.R.D. 411, 413-14 (M.D. Pa. 1983); *Arroyo v. Chardon*, 90 F.R.D. 603, 605-06 (D.P.R. 1981).

Where, as here, the parties seeking consolidation do not allege any general discriminatory or illegal standard, policy, or procedure of the defendant as the cause of their similar claims, *see, e.g., Bailey*, 196 F.R.D. at 516, and weighing the possible savings of time and effort at trial if the cases were consolidated against the likelihood that the defendant would be prejudiced thereby, *Bernardi*, 101 F.R.D. at 413, and the jury confused, *Arroyo*, 90 F.R.D. at 606, I conclude that consolidation of these three cases is not appropriate.

## III. Conclusion

For the foregoing reasons, the motions to consolidate are **DENIED**.

---

[1] In this regard, *see Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 517 (N.D. Ill. 2000) (fact that all plaintiffs' claims rest upon theory of racial discrimination not sufficient to establish common question of law and warrant joinder, for purposes of motion to sever).

## NOTICE

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with notice thereof.*

*Failure to file a timely objection shall constitute a waiver to the right to review by the district court and to any further appeal of this order.*

Dated this 23rd day of October, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge