UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRENDA PIPPIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14-cv-00167-JAW |
| | ) | |
| BOULEVARD MOTEL CORP. | ) | |
| | ) | |
| Defendant. | ) | |
| ABINAIR A. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14-cv-00168-JAW |
| | ) | |
| BOULEVARD MOTEL CORP. | ) | |
| | ) | |
| Defendant. | ) | |
| GRACE PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14-cv-00169-JAW |
| | ) | |
| BOULEVARD MOTEL CORP. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTIONS TO DISMISS**

On March 21, 2014, Brenda Pippin, Abinair Martin and Grace Parker, all former employees of Boulevard Motel Corp. (Boulevard), filed complaints in Cumberland County Superior Court for the state of Maine against Boulevard, alleging that it had committed various violations of state and federal law by

terminating them. *Decl. of Michelle Y. Bush* Attach. 2 *Compl.* (ECF No. 3) (*Pippin*, 2:14-cv-00167-JAW) (*Pippin*), *Decl. of Michelle Y. Bush* Attach. 2 *Compl.* (ECF No. 3) (*Martin*, 2:14-cv-00168-JAW) (*Martin*); *Decl. of Michelle Y. Bush* Attach. 2 *Compl.* (ECF No. 3) (*Parker*, 2:14-cv-00169-JAW) (*Parker*). On April 22, 2014, Boulevard removed each case to this Court. *Notice of Removal* (ECF No. 1) (*Pippin*); *Notice of Removal* (ECF No. 1) (*Martin*); *Notice of Removal* (ECF No. 1) (*Parker*).

On January 13, 2015, the Plaintiffs moved to dismiss certain counts in each Complaint without prejudice. *Am. Notice of Voluntary Dismissal of Count III, or in the Alternative, Mot. to Dismiss Count III* (ECF No. 23) (*Pippin*); *Am. Notice of Voluntary Dismissal of Counts III-VI, or in the Alternative, Mot. to Dismiss Counts III-VI* (ECF No. 25) (*Martin*); *Am. Notice of Voluntary Dismissal of Counts III-V, or in the Alternative, Mot. to Dismiss Counts III-V* (ECF No. 23) (*Parker*). While not objecting to the dismissals, on February 3, 2015, Boulevard objected to dismissals without prejudice and urged the Court to dismiss each count with prejudice. *Def.'s Opp'n to Pl.'s Am. Notice of Voluntary Dismissal of Count III, or in the Alternative, Mot. to Dismiss Count III* (ECF No. 27) (*Pippin*); *Def.'s Opp'n to Pl.'s Am. Notice of Voluntary Dismissal of Counts III-VI, or in the Alternative, Mot. to Dismiss Counts III-VI* (ECF No. 29) (*Martin*); *Def.'s Opp'n to Pl.'s Am. Notice of Voluntary Dismissal of Counts III-V, or in the Alternative, Mot. to Dismiss Counts III-V* (ECF No. 27) (*Parker*) (collectively *Def.'s Opp'n*). On February 17, 2015, the Plaintiffs filed replies to Boulevard's opposition. *Pl.'s Reply to Def.'s Opp'n to Pl.'s Am. Notice of Voluntary Dismissal or Alternative Mot. to Dismiss Count III* (ECF No. 29) (*Pippin*); *Pl.'s Reply*

*to Def.'s Opp'n to Pl.'s Am. Notice of Voluntary Dismissal or Alternative Mot. to Dismiss Counts III-VI* (ECF No. 31) (*Martin*); *Pl.'s Reply to Def.'s Opp'n to Pl.'s Am. Notice of Voluntary Dismissal or Alternative Mot. to Dismiss Counts III-V* (ECF No. 29) (*Parker*).

Although the parties have assumed that Federal Rule of Civil Procedure 41(a)(2) applies to the Plaintiffs' request to dismiss fewer than all of their counts, courts have concluded that Rule 41 applies only to dismissals of "actions," meaning all the claims, and that Rule 15 applies to dismissals of fewer than all the claims in an action.[1] *eCash Techs., Inc. v. Guagliardo*, 35 Fed. Appx. 498, 499 (9th Cir. 2002); *Chan v. Cnty. of Lancaster*, No. 10-cv-03424, 2013 U.S. Dist. LEXIS 78099, at *50 (E.D. Pa. June 4, 2013) ("The proper procedural mechanism for dismissing less than all of the claims in an action is a motion to amend under Federal Rule of Civil Procedure 15(a)"); *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by Federal Rule of Civil Procedure 15, which addresses amendments to pleadings"); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2362 (3d ed. 2008) ("A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15") (WRIGHT & MILLER).

---

[1] Boulevard recognized that Rule 41(a) might not apply, but it proceeded to analyze the motion under Rule 41. *Def.'s Opp'n* at 2.

3

Whether considered under Rule 41 or Rule 15, however, the result is the same. There is no reason under either Rule not to grant the motion; the Plaintiffs do not wish to proceed with these claims and Boulevard does not wish to defend them. The Court would grant the motion under either Rule.

Even though Boulevard cites the First Circuit's four-factor test in *Doe v. Urohealth Systems, Inc.*, 216 F.3d 157 (1st Cir. 2000) for determining whether a dismissal should be with or without prejudice, the *Urohealth* factors are less relevant when a plaintiff is moving to amend a complaint to dismiss fewer than all the counts; the Plaintiffs in this case are going to maintain their lawsuit against Boulevard on narrower grounds. The first *Urohealth Systems* factor, for example, is "the defendant's effort and expense of preparation for trial." *Id.* at 160 (internal citations and quotation marks omitted). In *Urohealth*, where the plaintiff dismissed the entire case on the eve of a decision on a motion for summary judgment and filed a state court action making the same substantive claims, this factor was germane because the defendant faced doing the same work twice, once in federal and again in state court. *Id.* at 160-61.

Here, however, as the number and complexity of the claims against Boulevard are melting, Boulevard faces substantially less, not more work preparing for trial as a result of the Plaintiffs' motions. Indeed, Boulevard is receiving a gift from the Plaintiffs' strategic decision to narrow their claims to retaliation only and to jettison such potentially problematic counts as gender discrimination, sexual harassment, hostile work environment, race discrimination, and age discrimination. A similar

4

analysis applies to each of the three remaining *Urohealth* factors. In objecting to the dismissals, Boulevard is looking too hard at the gift.

Boulevard's real gripe is that, if the dismissal is without prejudice, it faces the possibility of another lawsuit based on the dismissed claims. If the Plaintiffs had moved to dismiss all claims under Rule 41, this possibility would have been the rule, not the exception. FED. R. CIV. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice"); *id.* 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice"). The possibility of multiple filings of the same complaint based on the same facts is cabined by the two dismissal rule. *Id.* 41(a)(1); 9 WRIGHT & MILLER § 2368.

Here, analyzed as a Rule 15 motion, the deadline for amending the pleading in these cases was July 23, 2014, a date long since passed. *Scheduling Order* at 2 (ECF No. 6) (*Pippin*, *Martin*, *Parker*). The Plaintiffs would face an impossible task convincing the Court that once dropped, they should be allowed to revive the same claims in this lawsuit. As for the prospect of a second lawsuit based on the dismissed claims, Boulevard will be in no different position than it would have been if the cases had been dismissed in their entirety under the ordinary application of Rule 41.

As a practical matter, Boulevard's fears of multiple litigation are more chimerical than real. If these cases settle, the Court suspects that Boulevard's able counsel will require a settlement agreement so ironclad that it effectively banishes any passing thought of a second lawsuit based on the same facts. If the cases do not settle and the Plaintiffs win, they are likely to be well satisfied with the fruits of their

5

victories. If they lose, they are just as likely to lose their appetite for courtroom battles with Boulevard. Finally, if Boulevard's worst fears are realized and the Plaintiffs re-file the dropped claims in state or federal court, it seems wiser to deal with the issue then, rather than to anticipate something that will probably never happen.

Returning to whether these motions are properly considered Rule 15 or Rule 41 motions, since the result is the same, it elevates form over substance to draw a distinction for purposes of relief and the Court rules on the motions as written and argued.

The Court GRANTS WITHOUT PREJUDICE the Plaintiffs' Amended Motion to Dismiss Count III (ECF No. 23) (Pippin, 2:14-cv-00167-JAW), Amended Motion to Dismiss Counts III Through VI (ECF No. 25) (Martin, 2:14-cv-00168-JAW), and Amended Motion to Dismiss Counts III Through V (ECF No. 23) (Parker, 2:14-cv-00169-JAW).

SO ORDERED.

      /s/ John A. Woodcock, Jr.
      JOHN A. WOODCOCK, JR.
      UNITED STATES DISTRICT JUDGE

Dated this 20th day of February, 2015